FILED
2006 Mar-29  PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CHALMUS WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:03-CV-611-TMP |
| | ) | |
| ROBERT "BOB" RILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this action on December 20,

2006, recommending that the action be dismissed.  After the magistrate judge entered an order on

March 3, 2006, directing prison officials to allow plaintiff to have immediate access to his legal

papers, the plaintiff filed his objections to the report and recommendation on March 8, 2006, even

though the deadline for filing objections was March 20, 2006.  Having now carefully reviewed and

considered *de novo* the report and recommendation, the objections to it, and all other materials in

the court file, the court is of the opinion that the report is due to be and hereby is ADOPTED and the

recommendation is ACCEPTED.

Plaintiff's principal objection to the report and recommendation is that the magistrate judge

did not allow him to conduct discovery prior ro requiring a response to the defendants' motion for

summary judgment.  In looking at this objection, it must be remembered that plaintiff sought only

injunctive relief; he did not seek an award of damages for alleged violations of his rights.  More than

two years ago, however, plaintiff was transferred from the Donaldson Correctional Facility to the

Holman Unit.  This fact significantly impacts the plaintiff's standing to obtain injunctive relief on

behalf of himself and other inmates at Donaldson.  It certainly is true that plaintiff could be returned

to Donaldson at any time; however, having been away from Donaldson for more than two years, the

likelihood that he has adequate knowledge of conditions there to enable him to argue on behalf of

other Donaldson inmates is diminished.  His personal stake in effectively litigating these issues also

is diminished.  For that reason, allowing him to conduct extensive, time-consuming discovery was

unwarranted.

Furthermore, simply looking at plaintiff's discovery requests, it is apparent that most of it

was not necessary for resolution of the issues raised in this case.  Standard Operating Procedures

(SOPs) related to library utilization, visitation, inmate feeding, and the laundry would add little

information to plaintiff's claim that these procedures, as he experienced them, were inadequate.  If

they were, plaintiff can explain how they were based on his personal experience.  Perhaps more

important, some of the discovery requests had the potential for creating security concerns.

Requesting information about staffing levels and rotations would reveal to inmates security

information best kept secret from them.  The remaining discovery requests sought information about

the numbers of inmates housed at Donaldson, but the defendants do not dispute that Donaldson

houses over 1500 inmates and is overcrowded.  Defendants do not dispute that the size of the inmate

population at Donaldson has put strains on feeding, laundry, housing, and use of the law library.  In

short, plaintiff sought discovery on issues not in dispute.  Consequently, plaintiff's objection to the

report and recommendation based on denial of discovery is OVERRULED.

At the outset, it is clear that some of the defendants named in this action are not suable due

to their Eleventh Amendment immunity.  The Alabama Health Department, the Alabama Fire

Marshal, Alabama Board of Pardons and Paroles, and Alabama Department of Environmental Management are all state agencies entitled to absolute Eleventh Amendment immunity even with respect to a claim for injunctive relief.  As state agencies they simply are not suable in federal court. These defendants, therefore, are entitled to dismissal of the complaint against them.

The court agrees with the magistrate judge that the evidence presented by the plaintiff, while showing that conditions at Donaldson are harsh, do not show that they are unconstitutional.  The test is whether, singly or in combination, those conditions described by plaintiff deprived him and other inmates of life's basic necessities of food, shelter, clothing, health care, and warmth.  Although it is true that 132 inmates are housed in dormitories built for 96 and some cells in general population designed as one-man cells have been converted to house three inmates, these facts alone do not show that plaintiff or other inmates at Donaldson were deprived of adequate food, clothing, shelter, health care, and warmth.  Adjustments have been made to extend meal periods over a longer period of time each day to accommodate feeding more inmates.  Library hours and visitation have not been shortened.  Warden Bullard testified that active steps are being taken to improve ventilation and cooling, and plaintiff has not disputed this.

In summary, while the conditions at Donaldson are harsh, and perhaps becoming harsher every day, they have not yet declined to the point of violating the Eighth Amendment.  Injunctive relief interfering with the daily operation of a prison is an extraordinary and drastic remedy, and not one properly available to remedy conditions not violative of the Constitution.  Because plaintiff has not asked for compensatory damages, nothing remains to be done, and this action is due to dismissed.

A separate order will be entered.

The Clerk is DIRECTED to mail a copy of this memorandum opinion to the plaintiff.

Done this 28th day of March 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153